A91A1469. TABOR v. THE STATE.
(416 SE2d 138)

POPE, Judge.

Appellant/defendant Robert L. Tabor appeals the trial court's denial of his motion to suppress all evidence gathered as a result of his arrest. Defendant contends his arrest by an Emory University ("Emory") security officer was illegal because he did not enter Emory's campus at any time.

At the time defendant was arrested, he was traveling eastbound on North Decatur Road. An Emory security officer was also travelling in the same direction on North Decatur Road and observed the defendant cross over the centerline several times before the security officer stopped defendant near the intersection of Burlington and North Decatur Roads. The officer arrested defendant for driving under the influence, failure to maintain lane, and fleeing and attempting to elude.

In deciding whether defendant's arrest was legal, we are guided by Chapter 8 of Title 20 which governs campus policemen. In that chapter college or university is defined as "an accredited, nonproprietary, public or private educational institution of higher learning located in this state." OCGA § 20-8-1 (3). Emory clearly falls within that definition. "Educational facility" is defined as including a college or university. Id. at (4). Campus is defined by that Code section as

meaning "the grounds and buildings owned or occupied by a college or university or the grounds and buildings of a school or training facility operated by or under the authority of the State Board of Education. *The term 'campus' shall also include any public or private property within 500 yards of the property of an educational facility and one-quarter mile of any public street or public sidewalk connecting different buildings of the same educational facility . . . ."* (Emphasis supplied.) Id. at (1). Within the area defined as the university's campus, any campus policeman who is certified in accordance with OCGA § 20-8-3 and authorized by the governing body or authority of the educational facility has "the same law enforcement powers, including the power of arrest, as a law enforcement officer of the local government with police jurisdiction over such campus." OCGA § 20-8-2.

The arresting officer testified he was certified as required by OCGA § 20-8-3 and authorized by Emory to exercise law enforcement powers. He also testified that the arrest occurred within 500 yards of property belonging to Emory; the arrest was therefore within Emory's campus as that term is defined by OCGA § 20-8-1. Accordingly, defendant's arrest was proper and the trial court correctly denied defendant's motion to suppress.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 25, 1992.

King & King, David H. Jones, for appellant.
*Ralph T. Bowden, Jr., Solicitor, W. Cliff Howard, Cassandra J. Cook, Assistant Solicitors*, for appellee.